IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CFIT HOLDING CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 1:20-cv-03453 |
| TWIN CITY FIRE INSURANCE | ) |
| COMPANY, | ) Hon. Gary S. Feinerman |
| | ) |
| Defendant. | ) |

**CFIT'S MOTION TO STRIKE TWIN CITY'S AFFIRMATIVE DEFENSES**

NOW COMES Plaintiff, CFIT Holding Corporation ("CFIT"), by and through its attorneys, Brown, Udell, Pomerantz & Delrahim, Ltd., pursuant to Rule 15 of the Federal Rules of Civil Procedure (the "Code"), and asserts this motion to strike all but one of the affirmative defenses asserted by Defendant, Twin City Fire Insurance Company ("Twin City"). In support of its motion, CFIT states as follows:

**INTRODUCTION**

This is a simple breach of insurance policy case. Twin City issued an insurance policy to CFIT protecting it from losses related to the fitness centers it operates in Illinois and Indiana. (Docket No. 1-1, Complaint ¶¶ 13-14 ("Cmplt").) When the COVID-19 crisis occurred, shutting down these fitness centers, CFIT filed a claim, which Twin City rejected. (*Id*. ¶¶ 73, 89-90.) The only dispute here is whether Twin City breached the policy by failing to cover CFIT's losses. Nevertheless, Twin City has interposed twenty-nine affirmative defenses, all but one of which (the twenty-eighth) are improper. (Docket No. 9, Answer and Affirmative Defenses ("Ans." & "Aff. Def.").) Most of Twin City's affirmative defenses deny CFIT's allegation that the Policy covers CFIT's losses, and offer no "affirmative matter" that could provide a defense assuming the

allegations of the Complaint are accurate. The remainder are pled in a conclusory fashion, giving CFIT no notice of Twin City's defenses. Neither is permitted, and all of the affirmative defenses should be stricken aside from .

## FACTUAL BACKGROUND

Plaintiff CFIT Holding Corporation owns and operates 22 fitness facilities in Illinois and Indiana. (Cmplt. ¶ 13.) Twin City Fire Insurance Company insured CFIT pursuant to a policy it drafted (the "Policy"). (*Id*. ¶ 14.) The policy covered for losses to business income, to personal property caused by microbes, and for losses sustained because of an action by a civil authority. (*Id*. ¶ 21.) Orders by the governors of Illinois and Indiana and their respective departments of health required CFIT to close or significantly reduce operations at its facilities. (*Id*. ¶ 73.) Airborne particles containing COVID-19 also spread over CFIT's equipment, causing damage. (*Id*. ¶¶ 81-86.)

CFIT timely filed a claim under the Policy, which Twin City rejected. (*Id*. ¶¶ 89-90.) On April 28, 2020, CFIT filed a complaint with the Illinois Circuit Court of Cook County, seeking a declaratory judgment that the Policy covers CFIT's losses and seeking an order directing CFIT to abide by the dispute resolution means provided by the Policy. (*Id*. at 1, ¶¶ 88-95.) Twin City removed the matter to this Court on June 12, 2020. (ECF No. 1.) On June 19, 2020, Twin City answered the complaint, denying CFIT's losses are covered, and interposed twenty-eight affirmative defenses and a reservation of rights to assert more. CFIT seeks to dismiss these affirmative defenses to focus this litigation.

## ARGUMENT

I.  **STANDARD**

"Affirmative defenses will be stricken 'only when they are insufficient on the face of the pleadings.'" *United States CFTC v. Kraft Foods Grp, Inc.*, 195 F. Supp. 3d 996, 1008 (N.D. Ill.

2016).; *Yash Raj Films (USA) Inc. v. Atl. Video*, No. 03 C 7069, 2004 U.S. Dist. LEXIS 9739, at *7 (N.D. Ill. May 27, 2004) ("[T]he courts should strike affirmative defenses where they are mistitled, or redundant . . . or where they create unnecessary clutter.") (citation omitted). This Court has a three-part test for determining whether to strike an affirmative defense, by requiring: "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge." *Yash*, 2004 U.S. Dist. LEXIS 9739, at *7.

**II.     MERE DENIALS OF LIABILITY WITHOUT ANY AFFIRMATIVE MATTER ARE NOT PROPER AFFIRMATIVE DEFENSES (2, 3, 5-6, 8, 12-13, 17-27)**

Twin City disputes that it violated the policy by denying CFIT's claim, and it did so by denying the relevant allegations in the Complaint in its Answer. Affirmative defenses must do more. "[T]he basic concept of an affirmative defense is an *admission* of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable." *Instituto Nacional de Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Tr. Co.*, 576 F. Supp. 985, 988 (N.D. Ill. 1983); *Bryson v. Benchmark Mgmt. Corp.*, No. 14 cv 7998, 2015 U.S. Dist. LEXIS 30289, at *6 (N.D. Ill. Mar. 12, 2015) ("An affirmative defense is "one that not only denies the plaintiff's claim but adds 'new matter which, assuming the complaint to be true, states a defense to it.'"). Where an affirmative defense is merely a regurgitation of the defendant's denial of the allegations of the complaint, it should be stricken. *Reis Robotics USA, Inc. v. Concept Indus.*, 462 F. Supp. 2d 897, 906 (N.D. Ill. 2006) ("The Court agrees that this affirmative defense appears to be simply a restatement of the denials contained in Concept's answer, which is improper.").

In its Answer to the Complaint, Twin City denies the Policy requires it to reimburse CFIT for damages caused by COVID or the government actions that flowed from that. (Ans. ¶ 8.) Any affirmative defense that only does the same is unnecessary and should be stricken. *Renalds v.*

*S.R.G. Rest. Grp., Chi., LLC*, 119 F. Supp. 2d 800, 804 (N.D. Ill. 2000) ("Moreover, defendant has already put these matters in issue by denying certain allegations in its answer, and defendant not only need not but cannot raise these matters again via an affirmative defense.").

This is what most of Twin City's affirmative defenses do. The Second, Third, Eighth, Thirteenth, Eighteenth through Twentieth, Twenty-Second through Twenty-Seventh Affirmative Defenses do no more deny the allegations of the Complaint or, in some instances, cite exclusions in the policy and speculate that they "may" provide a defense. For example, the Eighth Affirmative Defense states:

> Plaintiff's claims may be barred or limited, in whole or in part, to the extent Plaintiff seeks relief for damages or losses not covered by the Policy.

Aff. Def. at 29). In other affirmative defenses, Twin City maintains that an exclusion in the policy "may" apply to deny coverage. An example is the Twenty-Second Affirmative Defense, which states:

> The Policy contains an exclusion titled "Pollution." Form SS 00 07 07 05 at 17-18. Plaintiff's claims *may be barred or limited*, in whole or in part, to the extent that the alleged loss or damage, if any, is excluded by the Pollution exclusion.

(Aff. Def. at 31.) Without knowing whether or not Twin City actually contends that a given policy provision applies to bar coverage, CFIT has no idea what defenses are being asserted. This practice by insurance companies was addressed in *Landis+Gyr Inc. v. Zurich Am. Ins. Co.*, No. 4:16-cv-82, 2017 U.S. Dist. LEXIS 34269, at *3 (N.D. Ind. Mar. 10, 2017), as follows:

> [Plaintiff/insured] contends that defenses 9-14, 16, 18, 20, and 22-23 state potential coverage arguments and use language that is a restatement of propositions from the policy. Also, [plaintiff] has argued that the defenses are not pled with the requisite facts to establish whether Zurich believes these defenses are applicable. Zurich is not required to plead every fact supporting its affirmative defenses, but it must allege enough so that [plaintiff] is on notice of its defense. *See Brooks v. Ross*, 578 F.3d 574, 580-81 (7th Cir. 2009).

These affirmative defenses should therefore be stricken.

Several of Twin City's affirmative defenses do not even explain how they would serve to defeat CFIT's claims as a matter of law, other than as denials. The Fifth Affirmative Defense states that, "The Policy is the sole agreement between the parties, and Defendant did not breach any Policy terms or conditions." (Aff. Def. at 28.) The Sixth Affirmative Defense is substantially identical. The Twelfth Affirmative Defense points out that the Policy may limit the amount of recovery, which would not be affected by a declaration or an appraisal. (*Id*.) The Seventeenth Affirmative Defense only notes the existence of the same valuation clause which CFIT relies on in its Complaint. (*Id*. at 30.) None of these affirmative defenses are pled with the specificity required. *Landis+Gyr*, 2017 U.S. Dist. LEXIS 34269 at *3.

The districts courts of Illinois have stricken affirmative defenses where these defenses simply denied liability under a contract. In *W. Am. Ins. Co. v. Mund*, No. 06-CV-0293-DRH, 2007 U.S. Dist. LEXIS 31609 (S.D. Ill. Apr. 30, 2007), an affirmative defense stating only "property damage" was insured by the policy at issue was stricken because "the mere reassertion that West American's policy covered the 'property damage' at issue is redundant." *Id*. at *5. Similarly, in *Tarau v. Coltea*, No. 15-CV-03545, 2017 U.S. Dist. LEXIS 15487 (N.D. Ill. Feb. 2, 2017), the plaintiff sued on an agreement that required him to contribute fifty percent of the purchase price of a castle. Where the defendant interposed a defense that the plaintiff did not contribute that fifty percent, the court struck the allegation because it was "improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint." *Id*. at *11.

Because they are mere denials of liability, the Second, Third, Fifth, Sixth, Eighth, Twelfth, Thirteenth, Fifteenth, and Seventeenth through Twenty-Seventh Affirmative Defenses should be dismissed.

**III. THE REMAINING AFFIRMATIVE DEFENSES ARE NOT SUFFICIENTLY PLED UNDER FEDERAL PLEADINGS STANDARDS (1, 4, 7, 9-11, 14-16, 29).**

Those affirmative defenses that are not mere denials should be stricken because they consist of bare-bones conclusions without factual support and are therefore insufficiently pled. "Affirmative defenses are subject to the same standards as other pleadings and must provide more than a "bare bones" statement so that the plaintiff is given notice of any shortcomings in the complaint." *Landis+Gyr Inc.*, U.S. Dist. LEXIS 34269, at *2. Affirmative defenses are subject to the same pleading requirements as Federal Rule of Civil Procedure 8(a). *Id. See also*, *Tome Engenharia E Transportes v. Malki*, Case No. 94 C 7427, 1996 U.S. Dist. LEXIS 4585, at *27 (N.D. Ill. Apr. 9, 1996). "Bare bones conclusory allegations" should be dismissed. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989).

Twin City's First Affirmative Defense, which merely states CFIT failed to state a claim without explaining why, is insufficient. *Yash*, 2004 U.S. Dist. LEXIS 9739, at *7-8 ("Shah's first affirmative defense is a boilerplate legal conclusion and does not specify reasons why Bansal failed to state a claim."); *Tome Engenharia*, 1996 U.S. Dist. LEXIS 4585, at *28-29 (failure to state a claim "is not a proper affirmative defense under Rule 8(c), for a "true affirmative defense raises matters outside the scope of plaintiff's prima facie case").

The Fourth Affirmative Defense is so bereft of factual allegations that Twin City is able to pack four affirmative defenses into one sentence: "Plaintiff's claims may be barred or limited, in whole or in part, by the doctrines of comparative fault, waiver, estoppel, and/or unclean hands." (Aff. Def. at 28.) It provides no explanation for why any of these defenses apply to the claims alleged in the Complaint. *Yash*, 2004 U.S. Dist. LEXIS 9739, at *8-9 (ratification, waiver, estoppel, laches, and unclean hands "require at least some direct or inferential allegations as to each element of the defense asserted").

Twin City's Seventh Affirmative Defense consists of the assertion that, "Plaintiff's claims may be barred or limited, in whole or in part, to the extent that Plaintiff failed to perform its obligations under the Policy." (Aff. Def. at 28.) This defense is insufficiently pled because it does not identify the act or omission of CFIT which allegedly constitutes its failure to comply, or even the specific condition precedent at issue. Similarly, the Fifteenth Affirmative defense – "Plaintiff's claims may be barred or limited, in whole or in part, to the extent that conditions precedent and subsequent to the availability of insurance coverage under the Policy have not been satisfied" – falls short of federal pleading requirements for the same reasons. (*Id.*) CFIT is left to guess as to the "conditions precedent and subsequent" Twin City is relying on for this defense.

The Ninth, Tenth, Eleventh, and Sixteenth Affirmative Defenses speculate that some other insurance or other source of funding might reduce the amount of coverage to which CFIT is entitled or eliminate Twin City's obligation to cover altogether. (Aff. Def. at 29-30.) Here too, Twin City needed to plead a factual basis for its assertion that another insurance policy covered CFIT's losses. *Kras v. Conifer Ins. Co.*, No. 2:16-CV-224-JD-JEM, 2016 U.S. Dist. LEXIS 165316, at *5-6 (N.D. Ind. Nov. 30, 2016) ("Here, there appears to be no factual basis for the proposition that Kras received insurance payments that would not be barred by the collateral source rule.").

The Fourteenth Affirmative Defense, states that, "Plaintiff's claims may be barred or limited, in whole or in part, to the extent coverage is excluded by express provisions of law or public policy." (Aff. Def. at 30.) Twin City does not identify what law or public policy is at issue, and provides no notice of the defense if any, being asserted.

Finally, the Twenty-Ninth Affirmative Defense does not identify the affirmative defense being asserted but rather seeks to reserve a right to plead additional affirmative defenses in future, a subject governed by Rule 15 of the Federal Rules of Civil Procedure. *Struve v. Electrolux Home*

*Prods.*, No. 17-cv-8158, 2019 U.S. Dist. LEXIS 29631, at *17 (N.D. Ill. Feb. 25, 2019) ("The Court agrees that this catchall affirmative defense is improper."); *Jones v. UPR Prods.*, No. 14 C 1248, 2015 U.S. Dist. LEXIS 69594, at *6 (N.D. Ill. May 29, 2015) ("using affirmative defenses as reservations of rights . . . is improper and unnecessary").

Accordingly, all of Twin City's affirmative defenses – aside from the Twenty-Eighth Affirmative Defense for failure to mitigate damages –should be dismissed because they are either denials rather than proper affirmative defenses or because they are insufficiently pled.

## CONCLUSION

For all the reasons set forth herein, Plaintiff CFIT Holding Corporation, respectfully requests that this Honorable Court strike all the affirmative defenses asserted by Twin City aside from the twenty-eighth, and for any other relief the Court deems just and proper.

Date: August 20, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Shelley Smith*
　　　　　　　　　　　　　　　　　　　　Glenn Udell (ARDC #6206064)
　　　　　　　　　　　　　　　　　　　　Shelley Smith (ARDC #6208287)
　　　　　　　　　　　　　　　　　　　　Brown, Udell, Pomerantz & Delrahim, Ltd.
　　　　　　　　　　　　　　　　　　　　225 W. Illinois, Suite 300
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60654
　　　　　　　　　　　　　　　　　　　　312-475-9900 (t)
　　　　　　　　　　　　　　　　　　　　312-475-1188 (f)
　　　　　　　　　　　　　　　　　　　　gudell@bupdlaw.com
　　　　　　　　　　　　　　　　　　　　ssmith@bupdlaw.com
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CFIT HOLDING CORPORATION, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 1:20-cv-03453 |
| **TWIN CITY FIRE INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

**NOTICE OF MOTION**

**To:** See attached Certificate of Service

**PLEASE TAKE NOTICE** that on September 03, 2020 at 9:00 a.m., I shall appear before the Honorable Gary Feinerman, or any judge sitting in their stead, in Courtroom 2141 of the United States District Court for the Northern District of Illinois and present CFIT'S MOTION TO STRIKE TWIN CITY'S AFFIRMATIVE DEFENSES.

Dated: August 20, 2020          Respectfully submitted,

                                CFIT HOLDING CORPORATION, INC.,


                                By:  /s/ Shelley Smith
                                     One of Its Attorneys

Glenn L. Udell (ARDC #6206064)
Shelley Smith (ARDC #6208287)
Brown, Udell, Pomerantz & Delrahim, Ltd.
225 W. Illinois Street, Suite 300
Chicago, IL 60654
Tel: (312) 475-9900
ssmith@bupdlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, pursuant to Section 1-109 of the Illinois Code of Civil Procedure, deposes and states that she served the foregoing CFIT'S MOTION TO STRIKE TWIN CITY'S AFFIRMATIVE DEFENSES to all counsel of record via ECF system, on the 20th day of August 2020, before the hour of 5:00 p.m.

                                                        *Virginia Contreras*