UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CFIT HOLDING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 3453 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| TWIN CITY FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

CFIT Holding Corporation alleges in this diversity suit that its insurer, Twin City Fire Insurance Company, wrongfully denied its claim for business interruption coverage under a commercial business owner's policy. Doc. 1-1. Twin City answered and asserted twenty-nine affirmative defenses. Doc. 9. CFIT moves under Civil Rule 12(f) to strike all but one of the affirmative defenses. Doc. 22. The motion is granted in part and denied in part.

Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally "disfavored" but may "serve to expedite" a case if they "remove unnecessary clutter." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Rule 12(f) grants a district court "considerable discretion." *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

CFIT's motion to strike is untimely. Motions to strike portions of an answer must be filed within 21 days of the answer being served. *See* Fed. R. Civ. P. 12(f)(2). Twin City served its answer and affirmative defenses on June 19, 2020, Doc. 9, but CFIT did not file its motion to strike until August 20, Doc. 22. Nevertheless, a district court may strike material from a

1

pleading on its own motion. *See* Fed. R. Civ. P. 12(f)(1) ("The court may act … on its own."); *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991) ("Courts have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case, reasoning that it is considering the issue of its own accord despite the fact that its attention was prompted by an untimely filed motion"). The court will do so here.

First, Twin City agrees to withdraw Affirmative Defense 29 and seeks leave to replead it. Doc. 24 at 13. Affirmative Defense 29 is a catch-all that purports to assert "additional defenses that cannot now be articulated" and "reserves the right to supplement the foregoing defenses." Doc. 9 at 33. Such open-ended defenses are improper and unnecessary. If Twin City discovers a new affirmative defense during the course of this litigation, it may file a motion to amend under Rule 15(a)(2). *See Burton v. Ghosh*, 961 F.3d 960, 965 (7th Cir. 2020) ("If a defendant could not have reasonably known of the availability of an affirmative defense at the time of the answer, raising that defense through later amendment should be considered timely, and the district court should grant leave to amend under Rule 15(a)(2)."); *Jones v. UPR Prods., Inc.*, 2015 WL 3463367, at *2 (N.D. Ill. May 29, 2015) ("[U]sing affirmative defenses as reservations of rights … is improper and unnecessary."). With that understanding, leave to replead Affirmative Defense 29 is denied.

Second, the court grants CFIT's motion as to Twin City's "affirmative" defenses that are in fact negative defenses. A defense is an affirmative defense if: (1) it is "specifically enumerated in Rule 8(c)"; (2) "the defendant bears the burden of proof under state law"; or (3) "it does not controvert the plaintiff's proof." *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012) (quotation marks and alteration omitted); *see also Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 478 (7th Cir. 2019) (same). Twin City's putative

Affirmative Defenses 1, 5-8, 12-13, 17-20, and 24 satisfy none of these criteria and are therefore negative defenses. They are struck as affirmative defenses.

CFIT argues that Affirmative Defenses 2-3, 21-23, and 25-27, which assert policy limitations or exclusions, are negative defenses. Doc. 22 at 4; Doc. 25 at 8. That is incorrect. "Illinois law treats exclusions in an insurance policy as affirmative defenses." *James River Ins. Co. v. Kemper Cas. Ins. Co.*, 585 F.3d 382, 386 (7th Cir. 2009); *see also Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 347 (7th Cir. 2010) ("Insurers have the burden of proving that an exclusion applies.") (applying Illinois law); *Addison Ins. Co. v. Fay*, 905 N.E.2d 747, 752 (Ill. 2009) ("Once the insured has demonstrated coverage, the burden then shifts to the insurer to prove that a limitation or exclusion applies."). Affirmative Defenses 2-3, 21-23, and 25-27 are thus true affirmative defenses.

Finally, CFIT moves to strike the remaining affirmative defenses (except for Affirmative Defense 28) as insufficiently pleaded. Doc. 22 at 8. For example, Affirmative Defense 14 alleges that CFIT's claims "may be barred or limited, in whole or in part, to the extent coverage is excluded by express provisions of law or public policy." Doc. 9 at 30. This does present an affirmative defense because, under Illinois law, the party "seeking to have an agreement invalidated carr[ies] a heavy burden of demonstrating a violation of public policy." *Phoenix Ins. Co. v. Rosen*, 949 N.E.2d 639, 645 (Ill. 2011) (quotation omitted). But Twin City does not identify what law or public policy might exclude coverage in this case. Affirmative Defenses 2-4, 9-11, 15-16, 21-23, and 25-27 are similarly terse.

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure," *Heller*, 883 F.2d at 1294, including the requirement under Rule 8(b)(1)(A) that a defendant "state in short and plain terms its defenses,"

Fed. R. Civ. P. 8(b)(1)(A).  Nevertheless, as a general rule, a motion to strike should be denied "unless the challenged allegations … may cause some form of significant prejudice to one or more of the parties." *FDIC v. Giannoulias*, 918 F. Supp. 2d 768, 771 (N.D. Ill. 2013) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2004)).  The possible prejudice to CFIT is that it must guess at the alleged bases of Twin City's underdeveloped affirmative defenses.

Accordingly, rather than strike those affirmative defenses, the court cures any prejudice by granting CFIT one additional interrogatory for each surviving defense that it challenged.  *See* Fed. R. Civ. P. 33(a)(1) ("Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).").  (CFIT will get four extra interrogatories as to Affirmative Defense 4 because it asserts four different defenses: comparative fault, waiver, estoppel, and unclean hands.  Doc. 9 at 28.)  An additional interrogatory for each surviving affirmative defense is proportional to the needs of this case, and the benefit of clarifying the defenses outweighs the burden on Twin City.  *See* Fed. R. Civ. P. 26(b)(1).  In total, the court grants 18 additional interrogatories to CFIT.

October 26, 2020                                                _____
                                                                            United States District Judge